### BARBER v. OTIS MOTOR SALES CO.

(District Court, N. D. New York. December 27, 1917.)

1. PATENTS ⟨⟩324(6)—INJUNCTION AND ACCOUNTING—VACATING DECREE—CONDITIONS.

Where, with the permission of the Circuit Court of Appeals, an interlocutory decree for injunction and accounting in favor of complainant, and an order of affirmance entered pursuant to the original mandate of the Circuit Court of Appeals, are to be vacated for a new final hearing on additional evidence, it will not be made a condition of such vacation that the evidence taken on an accounting previously had may be received and considered on any new accounting in case complainant obtains a decree, where the expenses of the former accounting have been provided for, and are to be paid by defendant as a condition of vacating the decree.

2. PATENTS ⟨⟩324(6)—VACATING DECREE—CONDITIONS.

In such case, where no injunction pendente lite has been granted, and the only bonds given were a bond on appeal from the decree for complainant and a bond to stay issue of injunction pending the appeal, it will not be made a condition of the vacation of the decree and order of affirmance that defendant execute and file a new bond to stay the issue of injunction.

In Equity. Suit by William Barber against the Otis Motor Sales Company. On settlement of an order on the amended mandate of

the Circuit Court of Appeals. Application by complainant for the imposition of certain conditions on the vacation of the interlocutory decree, and order of affirmance denied.

See, also, 231 Fed. 755; 245 Fed. 945.

On settlement of the order on the amended mandate of the Circuit Court of Appeals permitting this court to vacate its order of affirmance entered pursuant to the original mandate handed down by the Circuit Court of Appeals, and also to vacate its original interlocutory decree and grant a new final hearing, at which either party may introduce such pertinent additional evidence as may be offered, the complainant requests this court to insert a provision to the effect that, in case on such rehearing the plaintiff has a decree in its favor, all evidence taken by the special master on the accounting had in part herein on the decree entered pursuant to such mandate as originally filed be received and considered on any new accounting herein, and also a provision that defendant execute and file a new bond, in the sum of $15,000, to stay issuing of injunction, etc., and vacating the bond hereafter filed, and which bond shall be conditioned to pay complainant all damages, profits, and costs finally awarded him in this suit, and upon any accounting that may be awarded him pursuant to any future decree of this court. The defendant objects to such provision.

Fred Francis Weiss, of New York City, for plaintiff.
Wetmore & Jenner, of New York City, for defendant.

RAY, District Judge (after stating the facts as above). [1] I do not see justification for including the proposed provisions in the order. The interlocutory decree in favor of the complainant is to be vacated, for the purpose of granting a new final hearing, when additional evidence is to be received, and a new decree of this court entered, which may be the one way or the other. The old accounting falls and comes to naught, with the vacation of the decree which authorized such accounting. Moreover, the expenses of that accounting have been provided for, and are to be paid by the defendant as a condition of vacating such decree. The new accounting herein, if one is ordered, will be a new proceeding, and I cannot now impose new conditions of vacating such decree, or at least ought not to do so.

[2] As to the provision for a bond, the only bonds heretofore required or given were, one on appeal from the decree of this court above referred to, and the other to stay issue of the injunction prior to the decision of the Circuit Court of Appeals affirming the said decree of this court. This court, by the amended mandate of the Circuit Court of Appeals, having been reinvested with full and complete jurisdiction of the cause, it must be that the appeal from the decree of this court about to be vacated falls and goes for naught. The present bond on appeal falls with the decree and appeal. If the complainant succeeds on the rehearing, there must be a new interlocutory decree, a new appeal, and a new bond. This court cannot require such bond in advance of the new decree and appeal, or as a condition of vacating the decree of this court about to be vacated, and which it has decided it would vacate on payment of certain costs and expenses, and which have been provided for by deposit with the clerk. To do so would be to impose new and additional conditions for opening and vacating the said decree in favor of complainant heretofore entered, and also re-

quire a bond to stay injunction in advance of a decree which may never be granted or entered, or on an appeal which may never be taken.

As the decree of this court awarding an injunction and an accounting is now vacated, or about to be vacated, there will be no authority for an injunction. No injunction pendente lite has been granted, and there is no authority or necessity for a bond to stay the issuing of an injunction. The only injunction heretofore authorized was based on the decree, which is now about to be vacated.